Lynn M. Allen, State Bar Number 012612
lallen@tysonmendes.com
Leslie K. Harrach State Bar Number 023560
lharrach@tysonmendes.com
**TYSON & MENDES, LLP**
7910 East Thompson Peak Parkway, Suite 101
Scottsdale, Arizona 85255
Telephone: (480) 571-5031
Facsimile: (480) 245-5424
**Please e-serve filings on:**
**AZIntake@tysonmendes.com**
*Attorneys for Defendant IRE Crown Rinks, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Collette Churchill,<br><br>Plaintiff,<br><br>vs.<br><br>Accor Management US Inc., Fairmont Scottsdale Princess, IRE Crown Rinks, LLC, and Inproduction, Inc.,<br><br>Defendants. | No. 2:23-cv-01897-SRB<br><br>**DEFENDANT IRE CROWN RINKS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant IRE Crown Rinks, LLC ("Defendant" or "Crown Rinks"), pursuant to Fed. R. Civ. P. 12 and 81(c)(2)(C), files its answer the complaint as follows:

**COUNT I**
**ACCOR MANAGEMENT US INC.**

The allegations contained in Count I, paragraphs 1 through 14, of Plaintiff's Complaint are not directed to this Defendant. To the degree a response is deemed necessary, except for paragraph 4, for which Defendant admits only that it had some involvement in the installation of a temporary outdoor ice rink on the grounds of Fairmont Scottsdale Princess in November 2021,

Defendant is without sufficient knowledge to admit or deny the allegations contained Count I, paragraphs 1 through 14, of Plaintiff's Complaint and therefore, denies the same.

**COUNT II**
**FAIRMONT SCOTTSDALE PRINCESS**

Defendant incorporates the answers contained above as if fully set forth herein.

The allegations contained in Count II, paragraphs 1 through 14, of Plaintiff's Complaint are not directed to this Defendant. To the degree a response is deemed necessary, except for paragraph 4, for which Defendant admits only that it had some involvement in the installation of a temporary outdoor ice rink on the grounds of Fairmont Scottsdale Princess in November 2021, Defendant is without sufficient knowledge to admit or deny the allegations contained Count II, paragraphs 1 through 14, of Plaintiff's Complaint and therefore, denies the same.

**COUNT III**
**IRE CROWN RINKS, LLC**

Defendant incorporates the answers contained above as if fully set forth herein.

1. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs 1 of Count III of the Complaint.

2. Defendant admits only that it was involved in the installation of a temporary outdoor ice rink on the grounds of Fairmont Scottsdale Princess in November 2021. As to the remaining allegations contained within paragraph 2 of Count III of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth and falsity of the allegations contained therein and therefore denies same.

3. As to paragraph 3 of Count III of the Complaint, Defendant affirmatively states the allegations contain legal conclusions. To the degree a response is deemed necessary, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

4. As to paragraph 4 of Count III of the Complaint, Defendant admits only that it was involved in the installation of a temporary outdoor ice rink on the grounds of Fairmont Scottsdale Princess in November 2021. As to the remaining allegations contained within paragraph 4 of Count III of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth and falsity of the allegations contained therein and therefore denies same.

5. Defendant is without sufficient knowledge or information to admit or deny the allegations contained within paragraph 5 of Count III of the Complaint and therefore denies the same.

6. As to paragraph 6 of Count III of the Complaint, Defendant was not involved in any installation outside the perimeter of the rink. As to the remaining allegations contained within paragraph 6 of Count III of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth and falsity of the allegations contained therein and therefore denies same.

7. As to paragraph 7 of Count III of the Complaint, Defendant affirmatively states the allegations contain legal conclusions. To the degree a response is deemed necessary, Defendant is without lacks knowledge and information sufficient to form a belief as to the truth

and falsity of the allegations, except to assert the rink threshold installed by Defendant did not create a dangerous condition; Defendant denies the remaining allegations contained therein.

8. Defendant denies the allegations set forth in paragraph 8 of Count III of the Complaint.

9. As to paragraph 9 of Count III of the Complaint, Defendant affirmatively states the allegations contain legal conclusions. To the degree a response is deemed necessary, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

10. Defendant denies the allegations set forth in paragraph 10 of Count III of the Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of Count III of the Complaint.

12. Defendant denies the allegations set forth in paragraph 12(a) – (d) of Count III of the Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of Count III of the Complaint.

14. As to paragraph 15 of Count III of the Complaint, Defendant affirmatively states the allegations contain legal conclusions. To the degree a response is deemed necessary, Defendant denies same.

15. Defendant denies each and every allegation not expressly admitted herein.

**COUNT IV**
**INPRODUCTION, INC.**

Defendant incorporates the answers contained above as if fully set forth herein.

The allegations contained in Count IV, paragraphs 1 through 14, of Plaintiff's Complaint are not directed to this Defendant. To the degree a response is deemed necessary, except for paragraph 4, for which Defendant admits only that it had some involvement in the installation of a temporary outdoor ice rink on the grounds of Fairmont Scottsdale Princess in November 2021, Defendant is without sufficient knowledge to admit or deny the allegations contained Count IV, paragraphs 1 through 14, of Plaintiff's Complaint and therefore, denies the same.

**AFFIRMATIVE DEFENSES**

1. Defendant alleges plaintiffs' complaint fails to state a claim upon which relief can be granted against Defendant.

2. Defendant affirmatively asserts that it is not liable to Plaintiff in the sum or sums alleged, or in any sum at all.

3. Defendant asserts the affirmative defense of open and obvious.

4. Defendant affirmatively asserts that Plaintiff assumed of the risk of injury.

5. To the extent Plaintiff, or any other party or non-party, is liable for Plaintiff's alleged damages, comparative negligence and fault shall be apportioned according to the extent or amount of liability pursuant to A.R.S. §§ 12-2501, 12-2505, *et al.* Plaintiff may be partly, or entirely, at fault for causing this incident pursuant to A.R.S. §§ 12-2501, 12-2505, *et al.*

6. Defendant affirmatively asserts Plaintiffs' injuries and damages were caused by an unforeseen act of God.

7. Defendant is not liable for medical expenses which are not proven to be reasonable, necessary, and causally related to this incident.

8. Plaintiff is not entitled to compensation for any physical or emotional condition that pre-existed the incident.

9. Plaintiff is limited to recovery for damages and injuries proximately and actually caused by any proven negligent acts or omissions performed by Defendant.

10. Plaintiff is barred from recovery for failing to mitigate her damages.

11. Defendant asserts Plaintiff's claims, if any, are barred by the affirmative defenses of release, accord and satisfaction, workers' compensation exclusivity, laches, waiver, and estoppel.

12. Defendant asserts, so as not to waive, any and all additional affirmative defenses set forth in Rules 8 and 12, Federal Rules of Civil Procedure, as they become known throughout this litigation.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint against it, Defendant IRE Crown Rinks, LLC prays Plaintiff's Complaint be dismissed with prejudice as to all claims raised against it and further requests Plaintiff recover nothing thereby. Defendant IRE Crown Rinks, LLC further reserves the right to request reimbursement of its taxable costs of suit herein incurred, and requests such other and further relief as this Court seems just.

DATED this 15th day of September, 2023.

TYSON & MENDES, LLP

By: *<u>/s/ Lynn M. Allen</u>*
Lynn M. Allen
Leslie K. Harrach
*Attorneys for Defendant IRE Crown Rinks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants and e-mailed copies of the attached document to:

Toby P. Mulholland
Rubens & Mulholland
77 W. Washington St.
Ste. 1119
Chicago, IL 60602
tpm@rkminjurylaw.com
*Attorneys for Plaintiff*

Kira N. Barrett
Gordon & Rees
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004
knbarrett@grsm.com
*Attorneys for Defendants Accor Management US Inc. and Fairmont Scottsdale Princess*

By: */s/ Cheryl A. Scates*